**DAUB v. MOSS, Supervisor of Permits, et al.**

**No. 229.**

Circuit Court of Appeals, Second Circuit.

Jan. 22, 1931.

Herbert H. Kellogg, of Brooklyn, N. Y., for appellants.

Emanuel Harris, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

We think the plaintiff's right too uncertain to justify an injunction pendente lite. The permit in suit was the same as that at bar in Lion Laboratories v. Campbell, 34 F. (2d) 642 (C. C. A. 2). It there appeared that it had expired on December 31, 1924, and

the bill was for that reason dismissed. The present theory is that a letter of the Prohibition Administrator of April 28, 1925, extended it generally, so that it became irrevocable except by a proceeding under title 2, section 9 (National Prohibition Act [27 USCA § 21]). Assuming as much, a decree is an estoppel not only as to all that is decided in the suit, but as to all that might have been litigated; at least, that is the general rule. Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195. It does not appear why the supposed extension could not, and should not, have been proved in Lion Laboratories v. Campbell. While the affidavits contain no reference to the earlier suit, the opinion below and the briefs refer to it, and of course it is of record in this court. It would be an idle thing to affirm the order with a suggestion to the court to vacate it upon proof that the permit was the same in both suits, as both parties agree. Moreover, we are not prepared now to say how the indorsement upon the permit should be construed; light may be thrown upon it at the hearing. Finally, the plaintiff had been without whisky for eighteen months; that is, since December, 1928, when the defendants had cut off his supply, and had stopped his business altogether. If his predicament was such as demanded immediate relief, it is hard to see why he should have remained inactive for so long; the delay suggests that time was not so important as to justify intervention in limine.

■ Therefore, without expressing any opinion upon the issues of law or fact, it seems to us that a case was not made out for an injunction pendente lite. In general, we deprecate such action in this kind of litigation except in the clearest cases. The writ, whatever its form, is in substance a command to the defendants to issue intoxicating beverages to persons whom they have concluded to be not lawfully entitled to have them. The Prohibition Administrator is a public officer, charged with the duty of administering the law as much as we; his conclusion is not to be readily upset. We do not, of course, mean to say that a permittee can never present a case so clear as to demand immediate action by a court, but only that the possibility will be rare. If time appears to be important, ordinarily the safer way is to give the cause a preference on the docket. We intimated our doubts in Lion Laboratories v. Campbell, supra; we repeat them now. The statute, title 2, section 9 (27 USCA § 21), has expressly provided for the maintenance of the status quo after revocation; we think that the purpose, there apparent, should be considered as not altogether irrelevant in other situations.

Order reversed.